IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BEAZLEY INSURANCE COMPANY, INC., | § § | No. 313, 2020 |
| | § | |
| Defendant Below, | § | Court Below: Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N19C-05-275 MMJ |
| | § | [CCLD] |
| FERRELLGAS PARTNERS L.P., | § | |
| FERRELLGAS, L.P., BRIDGER | § | |
| LOGISTICS, LLC, BRIDGER | § | |
| ADMINISTRATIVE SERVICES II, | § | |
| LLC, BRIDGER LAKE, LLC, | § | |
| BRIDGER LEASING, LLC, | § | |
| BRIDGER MARINE, LLC, | § | |
| BRIDGER RAIL SHIPPING, LLC, | § | |
| BRIDGER REAL PROPERTY, LLC, | § | |
| BRIDGER STORAGE, LLC, | § | |
| BRIDGER TERMINALS, LLC, | § | |
| BRIDGER TRANSPORTATION, | § | |
| LLC, BRIDGER SWAN RANCH, | § | |
| LLC, BRIDGER ENERGY, LLC, J.J. | § | |
| ADDISON PARTNERS, LLC, J.J. | § | |
| LIBERTY, LLC. | § | |

Plaintiffs Below, Appellees.

Submitted: September 18, 2020
Decided: October 9, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice and supplemental notice of appeal from an

interlocutory order and the documents attached thereto, it appears to the Court that:

(1)  The appellant, Beazley Insurance Company, Inc. ("Beazley"), has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated August 20, 2020, which granted the motion of the appellees (collectively, "FG") for an order requiring Beazley to pay past and ongoing defense costs incurred in the defense of two of their former officers and directors ("Rios and Gamboa") in litigation that is pending in the United States District Court for the Eastern District of Pennsylvania (the "Eddystone Litigation").

(2)  On May 29, 2019, FG filed a complaint alleging that Beazley and another insurer[1] breached certain director and officer liability insurance policies by denying coverage for claims asserted in the Eddystone Litigation.  The complaint sought damages and declaratory relief against Beazley.

(3)  On July 11, 2019, FG filed a motion for partial summary judgment seeking a declaration that Beazley was required to advance defense costs incurred in the defense of Rios and Gamboa in the Eddystone Litigation.  On September 18, 2019, Beazley cross-moved for summary judgment, arguing that the claims for which FG sought reimbursement were excluded from coverage.  On January 21, 2020, the Superior Court denied Beazley's motion for summary judgment and granted FG's motion for summary judgment with respect to its claim for

---

[1] The other insurer is not a party to this interlocutory appeal, and this order therefore does not further address its role or posture in the litigation.

2

advancement and reimbursement.[2]  Beazley applied for certification of an interlocutory appeal from the January 21, 2020 order, which the Superior Court denied.  Beazley did not file a notice of interlocutory appeal from the January 21, 2020 order.

(4)     On June 26, 2020, FG moved for entry of an order requiring Beazley to pay past and ongoing defense costs incurred in the defense of Rios and Gamboa in the Eddystone Litigation.  FG asserted that, after the Superior Court's January 21, 2020 order, FG had submitted invoices for reimbursement, but Beazley had refused to make any payment.  Beazley argued that the Superior Court's January 21, 2020 order did not constitute a money judgment in FG's favor and that Beazley would not make any payments unless and until the court issued a final and nonappealable order requiring it to do so.  On August 20, 2020, the Superior Court issued an opinion granting FG's motion, awarding FG its attorneys' fees for the preparation and prosecution of the motion, and establishing a *Fitracks*-style[3] protocol for the submission of invoices and the resolution of disputes with respect to the invoices.[4]

(5)     Beazley asked the Superior Court to certify an interlocutory appeal.  It argued that the August 20 order determined a substantial issue of material

---

[2] *Ferrellgas Partners L.P. v. Zurich Am. Ins. Co.*, 2020 WL 363677 (Del. Super. Ct. Jan. 21, 2020).
[3] *See Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1003-04 (Del. Ch. 2012) (establishing process for making and resolving periodic advancement demands).
[4] *Ferrellgas Partners L.P. v. Zurich Am. Ins. Co.*, 2020 WL 4908048 (Del. Super. Ct. Aug. 20, 2020).

3

importance[5] "because it compels Beazley to pay millions of dollars in legal and defense costs to Plaintiffs without a final judgment and without a further order of the Court" and because it "directed the payment of fees-on-fees, notwithstanding that there is no applicable statute authorizing a prevailing party to receive fees." Beazley argued that the August 20 order decided for the first time in Delaware[6] that a court may award fees-on-fees in connection with advancement of defense costs under an insurance policy. It contended that the order decided that 10 *Del. C.* § 6508 permitted the court to direct the advancement of defense costs absent a final judgment, a question of law not previously addressed by this Court.[7] It also argued that interlocutory review would serve considerations of justice.[8] Beazley argued that the benefits of interlocutory review would outweigh the costs[9] because no scheduling order has been issued in the Superior Court and the underlying litigation for which FG seeks reimbursement from Beazley is ongoing.

(6) The Superior Court denied the application for certification.[10] The court determined that the August 20 order did not decide a substantial issue of material importance because it reiterated two prior rulings of the court that found that FG was

---

[5] DEL. SUPR. CT. R. 42(b)(i).
[6] *Id.* R. 42(b)(iii)(A).
[7] *Id.* R. 42(b)(iii)(C).
[8] *Id.* R. 42(b)(iii)(H).
[9] *Id.* R. 42(b).
[10] *Ferrellgas Partners L.P. v. Zurich Am. Ins. Co.*, 2020 WL 5579335 (Del. Super. Ct. Sept. 17, 2020).

4

entitled to advancement under the Beazley policy, "directed the parties to follow a long-established *Fitracks*-style protocol in connection with that advancement," and "awarded fees-on-fees consistent with Delaware law and public policy in the context of advancement (and other areas)." The court also concluded that the matter did not satisfy the criteria of Rule 42(b)(iii) because the August 20 order did not involve a question of law resolved for the first time in Delaware; the order "did not turn on operation of the Declaratory Judgment Act" but enforced the court's prior rulings "by insisting upon compliance, establishing a going-forward protocol, and making Plaintiffs whole with an award of fees-on-fees;" and would not serve considerations of justice but instead disrupt the normal process of litigation, waste party and judicial resources, and deprive FG (and possibly Rios and Gamboa) of the advancement to which the court had determined it was entitled under the insurance policy. The court also determined that the likely benefits of interlocutory review did not outweigh the probable costs.

(7)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[11]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).

---

[11] DEL. SUPR. CT. R. 42(d)(v).

5

Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]  The Superior Court decided that Beazley was obligated to advance costs in its January 21 order, from which Beazley did not seek an interlocutory appeal.  Beazley refused to make advancement payments, forced additional litigation, and now seeks to further delay advancement that the Superior Court has determined it is obligated to provide.  Its approach risks denying FG the benefits of the advancement to which the Superior Court has determined FG is entitled and does not serve considerations of justice.  Moreover, any error in the Superior Court's determination that FG is entitled to coverage or to fees-on-fees may be remedied in an appeal from a final order.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[12] *Id.* R. 42(b)(ii).
[13] *Id.* R. 42(b)(iii).

6